IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KENNETH WILLIAMS, #166 409, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:14-CV-659-WKW |
| ) | [WO] |
| LAWRENCE ESTES, ) | |
| CORRECTIONAL OFFICER I, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a prison inmate, filed this complaint on September 4, 2012.[1] On July 16, 2014, the court directed Defendant to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendant submitted an answer and written report on September 26, 2014, which contained relevant evidentiary materials refuting the allegations in the complaint. Upon review of this report, the court issued an order directing Plaintiff to file a response to Defendant's answer and written report. *Doc. No. 15*. The order advised Plaintiff that his failure to respond to the report would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. at 2. The order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*.

The time originally allotted Plaintiff for filing a response in compliance with the directives of the court's October 3, 2014, order expired on October 24, 2014. Plaintiff sought three extensions to file his opposition which the court granted. *See Doc. Nos. 17-22*. The order

---

[1] Plaintiff originally filed his complaint on September 4, 2012, in the United States District Court for the Northern District of Alabama. On June 23, 2014, the United States District Court for the Northern District of Alabama transferred the complaint to this court. *See Doc. No. 8*.

granting Plaintiff's most recent extension of time in which to file his response in compliance with the court's October 3, 2014, order expired on March 9, 2015. Despite the generous response time afforded Plaintiff, as of the present date, he has failed to file a response in opposition to Defendant's written report.  The court therefore concludes this case should be dismissed.

The court has reviewed the file to determine whether a drastic measure less than dismissal is appropriate.  After such review, dismissal is the proper course of action.  Plaintiff is an indigent individual.  The imposition of monetary or other punitive sanctions against him would be ineffectual.  Plaintiff's inaction in the face of Defendant's report and evidentiary materials refuting the claims raised suggest he does not seek to proceed with this case.  It, therefore, appears that any additional effort by this court to secure his compliance would be unavailing.  Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed.Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.  It is further

 It is further

ORDERED that **on or before April 28, 2015**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections

will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this the 14th day of April, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE